### EASTON v. BUCK et al.

(Supreme Court, Appellate Division, First Department.    December 10, 1897.)

1. LIBEL—WHAT CONSTITUTES.

Defendants published two letters, in parallel columns, one dated December 26th, and signed by one E., affirming that plaintiff had conducted a sale prior to December 12th, and had not settled with the owners of the property sold, and that E., one of those owners, had not received anything. The other letter, signed by E. and H., and dated December 12th, stated that plaintiff paid them a large part of the proceeds at the close of the sale, and the balance was promptly paid.    *Held*, that the charges in the letter of December 26th were not rendered any the less a libel because accompanied by the contradictory statements of the other letter.

2. SAME—COMPLAINT.

Words tending to injure a person in his trade or occupation are actionable; and, unless defendant excuses them, the injured party is entitled to recover, without showing special damage.

Van Brunt, P. J., dissenting.

Appeal from special term.

Action by William Easton against John T. Buck and others. From a judgment overruling a demurrer to the complaint, defendants appeal.    Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Eliot Norton, for appellants.

J. Aspinwall Hodge, Jr., for respondent.

INGRAHAM, J.    The action is for libel, based upon a publication in a newspaper published in the city of New York, known as "The Spirit of the Times."    The libel consisted of the publication in parallel columns of two letters,—one dated December 12, 1896, signed by two individuals, viz. H. P. Headley and C. J. Enright.    This letter referred to certain statements which had been published reflecting

upon the plaintiff and the company of which he was an officer, and stated that such statements "are as outrageous as they are false," followed by the statement: "We were paid a large part of the proceeds at the close of our sale in Lexington, and the balance was promptly settled." The other letter purports to be one addressed to Mr. Buck, one of the defendants, which is dated December 26, 1896, 14 days after the date of the first letter, and which says: "Strange to say, I have not had my sale settled up as yet. I have not received one dollar out of it,"—and signed by C. J. Enright. These two letters were published without comment. The complaint alleges that the plaintiff was, at the time mentioned in the complaint, the president, auctioneer, sole manager, and agent of the Easton Company, a corporation organized under the laws of this state, and that the plaintiff and the said company have been for many years engaged in the business of selling, at private and public sale, thoroughbred and racing horses, and of conducting very large public sales, at which the plaintiff, as the representative of the said company, is the recipient of large sums of money, which are payable to the consignors of horses after deducting the commissions and charges of the said company; that on or before the 3d day of December, 1896, in the city of Lexington, Ky., the plaintiff, as auctioneer and representative of the said company, conducted a large sale of thoroughbred horses; and that the proceeds of such sale, amounting to upward of $100,000, were promptly accounted for to those whose property had been sold (among them, to said Enright, who was a consignor of property sold at said sale), and paid over to them. It is further alleged that the letter from Enright, dated December 26, 1896, one of those published, contained other sentences besides the two published, which modified and explained the said sentences as published, and fully exculpated the plaintiff from all fault and blame in the premises, but those other statements were not published. There is a second cause of action, alleging the publication of the second letter of December 26, 1896, and asking to recover damages for the libel contained in that letter. The demurrer is to the whole complaint, and the objection taken is that the complaint does not state facts sufficient to constitute a cause of action.

If one of the two causes of action was good, the demurrer was properly overruled. We think that the publication as alleged in the first cause of action was libelous per se, and that the demurrer was properly overruled. The first letter printed in the parallel columns, and dated December 12, 1896, referred to the plaintiff's action as conducting the sale of horses consigned to him by the person signing the letter, and stated that they (the writers of the letters) had been paid a large part of the proceeds at the close of the sale at Lexington, and that the balance was promptly settled. Annexed to this letter, and as a part of this publication, was a statement from one of those signing the first letter that he had not had his sale settled up, and had not received one dollar out of it. The methods adopted by which these two letters were published together made the reference to the plaintiff clear; and the second letter was a statement that the plaintiff had failed to account to the writer for the

proceeds of the sale; and, while with it was published a statement which was contradictory, the whole tenor of the publication was such as to justify an inference that the plaintiff, in the conduct of his business, had failed to account for the proceeds of the sale which belonged to those whose goods had been sold. The letter charging that such proceeds had not been paid to those entitled to them, later in date than the letter acknowledging the receipt of the proceeds of sale, was. clearly a charge that such proceeds had not been paid at the date of the later letter; and the mere fact that there is coupled with a publication making such a charge a statement which is contradictory of the charge does not make the publication containing the charge any less a libel. This letter amounts to a distinct affirmation that the plaintiff, as auctioneer or manager of a corporation, had conducted a sale prior to December 12th, and that he had not settled up with the owners of property sold at that sale, and that the owner of a portion of the said property had not received one dollar of the proceeds of the sale.

It is well settled that words written or spoken tending to injure a man in his trade or occupation are actionable; and, unless the defendant lawfully excused them, the injured party is entitled to recover, without the allegation or proof of special damage. Labouisse v. Publishing Co., 10 App. Div. 30, 41 N. Y. Supp. 688; Moore v. Francis, 121 N. Y. 199, 23 N. E. 1127; Mattice v. Wilcox, 147 N. Y. 632, 42 N. E. 270.

We think, therefore, that this publication was libelous; that the judgment was clearly right; and that it should be affirmed, with costs. All concur, except VAN BRUNT, P. J., dissenting.

VAN BRUNT, P. J. I dissent, upon the ground that, if any libel was uttered, it was against the Easton Company, and not against the plaintiff.